Morris Marshall Cohn, J.
This is an action for the conscious pain and suffering and wrongful death of the infant, Harold R. Aiken, who was struck by the automobile of the defendant. Following the submission of the case to the jury and after deliberation for several hours, the jury returned to the courtroom for instructions. The foreman held up what appeared to be a small book and during the course of his remarks to the court, the record indicates that the following occurred:
*216 ‘ ‘ The Court: The attendant tells me you have an inquiry you wish to make.
“ The Foreman: Yes, sir, we have a question in mind. We have been trying to interpret this (referring to a book), ‘ How to Serve on a Jury ’, and everything else. We have a question in our mind as to your charge, to the effect that if we have any — if there is any doubt in our minds that Harold Aiken, deceased, contributed to the accident, that some — do you say that we should throw the case out? ”
The court then gave additional instructions to the jury and at the conclusion the court inquired, “ Is there anything counsel want to add? ” and both counsel indicated in the negative.
Thereafter, the jury returned a verdict in favor of the plaintiff in the sum of $9,000 for both causes of action.
Following the polling of the jury, the court made inquiry about the book which had been previously indicated to be in the possession of the jury and was told that the book was entitled, “ How to Serve on a Jury ” and had been borrowed from the local library by one of the jurors who took it with her into the jury room. The book in question, ‘ ‘ How to Serve on a Jury ”, was written by Philip Francis, was published by Oceana Publications, 43 West 16th Street, New York, 11, New York, is Legal Almanac Series No. 31 and bears Library of Congress Catalog Card No. 53-5766. For the purposes of the record and identification, the book has been impounded by the court and has been initialed by both counsel and will be filed with this opinion in the St. Lawrence County Clerk’s office.
Based on the action of the jury in taking this book into its jury room, defendant’s counsel moved that the verdict be set aside and a mistrial granted because of alleged misconduct on the part of the jury. ‘ ‘ The rule is well settled that the delivery of papers to the jury not in evidence or which contain excluded matter when or after it retires for deliberation without the consent of the court avoids the verdict unless the matters contained therein are not prejudicial or if it appears that they were not read by any of the jury.” (Italics supplied; Guntzer v. Healey, 176 App. Div. 543, 544; Public Operating Corp. v. Weingart, 257 App. Div. 379; Pescara v. Hanson Chemists, 122 N. Y. S. 2d, 848; Altshuler v. Exeller Chemical Co., 46 N. Y. S. 2d 28.)
A careful reading of “ How to Serve on a Jury ” indicates that there is nothing contained therein which bears on any question of law or fact involved in the within lawsuit. In fact, its complete text is confined to indoctrinating prospective jurors *217 with a better understanding of their functions and duties as jurors. Courtroom procedure and general decorum and conduct of jurors are explained to such an extent that this court feels a juror who has read this volume, can better serve in that capacity, than one who has not. That the general content of this book is not prejudicial is borne out by the fact that a very similar booklet has recently been issued by the Board of Justices of the Supreme Court for the First Judicial District, which is entitled, “ Handbook for Trial Jurors ”. This latter booklet is presented to all jurors who sit in the counties of New York and Bronx. It, too, contains general instructions of conduct and decorum and is similar, although shorter, in the content of text than “ How to Serve on a Jury ”.
Under these circumstances, the court finds that there was nothing prejudicial contained in this book which the jury had with it during the course of its deliberations and therefore finds there was no misconduct which would warrant disturbing the verdict in this action.
The court is aware that defendant’s counsel made no motion with reference to the book when attention was first directed to it. Plaintiff’s counsel urges that because defense counsel stood mute, he can not now be heard to complain, after first gambling on the outcome of the verdict. The court does not pass upon this contention because it finds, in the first instance, there was nothing prejudicial in the book and no misconduct on the part of the jury in having it during its deliberations.
The verdict is amply sustained by the weight of evidence.
Motions to set the verdict aside on the ground of misconduct by the jury, and on the grounds set forth in section 549 of the Civil Practice Act, are denied.