Argued July 12, affirmed November 15, 1967

STATE OF OREGON, *Respondent, v.*
NELDA T. SANDS, *Appellant.*

433 P. 2d 256

*Warren A. Woodruff,* Roseburg, argued the cause

for appellant. On the brief were Luoma, Kelley & Woodruff, Roseburg.

*Doyle L. Schiffman,* District Attorney, Roseburg, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and HOLMAN, Justices.

PERRY, C. J.

The defendant Nelda T. Sands was convicted of petty larceny, and appeals.

Defendant had purchased a toy in the Value Plus department store in Roseburg. The toy was placed in a paper millinery bag which was then closed at the top and stapled shut. The manager of the store stated he noticed the defendant "putting a can of hair spray in a paper bag" which had been stapled and "she opened up the other corner and slipped the can of spray into the bag." The manager then proceeded into a part of the store referred to as "the garden store" where there is an entrance and an exit from the store. He then proceeded into a bakery which adjoins the garden store and from which there is an exit to a grocery store. He stated that he intercepted defendant in the bakery and the hair spray and other articles were in the millinery sack.

Defendant testified that she was intercepted in the garden store; that she was not leaving the store at the time she was intercepted, but that she had stepped into the garden store so she could look into the bakery and observe whether or not a private phone in the bakery was then being used. She stated her purpose was to make a call to determine whether she should keep the purchased toy or exchange it for something else.

After the jury returned its verdict of guilty, defendant filed a motion for a new trial based on the misconduct of a woman juror. The motion was denied by the trial court.

The sole assignment of error on appeal is the refusal of the trial court to grant this motion.

The juror testified on the hearing before the trial court that she was a customer of Value Plus and that during a recess in the trial she had gone to the Value Plus store to purchase a bouquet of artificial flowers in the garden store portion, and that while she was there she glanced to see if she could see the telephone in the bakery. She testified she could not. Her evidence does not indicate that she attempted to place herself in the place where the defendant testified she was standing looking into the bakery. The juror further testified she did not communicate to any of the jurors the fact that she had been in the garden store until after a verdict was reached and the verdict signed. She also testified that what she observed did not in anywise influence her verdict. No testimony was offered to contradict her statements.

■ It is well established that the granting of a new trial on account of the misconduct of a juror lies within the discretion of the trial court. *State v. Tracy,* 246 Or 349, 425 P2d 171 (1967); *Burnett v. Weinstein,* 154 Or 308, 315, 59 P2d 258.

■ The discretion of the trial court, however, is a legal one and manifest abuse of legal discretion is prejudicial error. *Wolfe v. Union Pacific R. Co.,* 230 Or 119, 368 P2d 622.

The test of judicial discretion in those instances where a juror makes an unauthorized visit to the locus in quo was adopted by this court in *Frank v. Matthiesen,* 115 Or 349, 236 P 754, and again approved

in *Schneider v. Moe,* 151 Or 353, 50 P2d 577, where on page 357 we quoted:

" '* * * But, where the gist of the action is the character or condition of the locus in quo or where a view of it will enable the jurors the better to determine the credibility of the witnesses or any other disputed fact in the case, if in such a case, jurors, without the permission of the court or knowledge of the parties, visit the locality for the express purpose of acquiring such information, their verdict will be set aside, unless it is clear that their misconduct could not and did not influence their verdict. * * *."

■ We are not concerned with the effect of this unauthorized visit on the other members of the jury as their individual judgments had been finally recorded before any knowledge of the visit or its influence was known by them. Thus, we are concerned only with the effect of the visit insofar as the single juror is concerned. While the juror testified the visit did not influence her verdict, such statements are not acceptable even though the witness sincerely believes her visit did not affect her verdict. *Schneider v. Moe,* supra. Nevertheless, the visit of this juror could not have affected the result in this case. Her vote either way would not have changed the result since the verdict was eleven to one.

The judgment of the trial court is affirmed.