Argued June 9, reversed and remanded July 2, 1969

SANDERS, *Appellant, v.* CURRY
COUNTY ET AL, *Respondents.*
456 P2d 493

*William E. Taylor*, Gold Beach, argued the cause for appellant. With him on the brief was D. R. Dimick, Roseburg.

No appearance for respondents.

Before SLOAN, Presiding Justice, and O,CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries received by plaintiff when her automobile collided with a truck owned by defendant county. The jury returned a verdict for defendants. Plaintiff moved for a new trial on the ground that one of the jurors had made an unauthorized visit to the scene of the accident when the case was in progress. The motion was denied and plaintiff appeals.

The accident occurred on August 16, 1966 at an intersection of two unpaved streets in Gold Beach, Oregon. Much of the evidence on the cause of the accident related to the character of the intersection, the type of roadbed, the absence or presence of ruts, and the visual obstructions at the intersection. Plaintiff introduced into evidence photographs of the intersection over defendants' objection that the photographs did not accurately represent the scene of the accident at the time of the collision. During the course of its deliberations the jury requested that it be permitted to view the scene of the accident. The trial court denied the request. The jury returned a nine to three verdict for defendants.

On April 23, 1968, the day after the trial of the case, juror Betty Christensen informed plaintiff that another juror, Zella R. Baxter, had visited the scene

of the accident during the noon recess of the trial. Plaintiff then moved for an order setting aside the judgment and for an order granting a new trial. The motion was supported by the affidavit of Betty Christensen which recited she was a member of the jury in the present case and "[t]hat following submission of the case, and during our deliberations, Zella R. Baxter, Juror No. 2, while sitting at the jury table in the jury room and in my presence and in the presence of other jurors stated that during the noon recess she had gone down to the scene of the accident and looked over the area and asked whether or not any of the rest of us had gone down there; she further stated the pictures were deceiving; that based thereon we asked for a view of the premises."

■ Where a juror without the permission of the court views the premises involved in the litigation the verdict will be set aside unless it is clear that the juror's conduct could not have affected the verdict.[1] This rule is applicable whether the juror visits the premises for the express purpose of acquiring information relating to a disputed fact in the case or obtains the information in the course of casual observation of the premises. In either case the verdict must be set aside unless it is clear that the verdict could not have been affected by the juror's view of the premises.

■ In the present case the juror Baxter's statement to the other jurors that she had visited the premises and that the photographs introduced into evidence by plaintiff were "deceiving" could have been preju-

---

[1] State v. Sands, 248 Or 213, 433 P2d 256 (1967); Wolfe v. Union Pacific R. Co., 230 Or 119, 368 P2d 622 (1962); Thomas v. Dad's Root Beer, Etc., 225 Or 166, 356 P2d 418 (1960); Eckel v. Breeze, 221 Or 572, 352 P2d 460 (1960); Schneider v. Moe, 151 Or 353, 50 P2d 577 (1935); Frank v. Matthiesen, 115 Or 349, 236 P 754 (1925).

dicial to plaintiff. Therefore the trial court erred in not granting a new trial.

The judgment is reversed and the cause is remanded for a new trial.