**David and Judy SOUTHWICK, Respondents,**

v.

**ACE AUTO BODY SHOP, INC., and Orville Newberry, Appellants.**

**No. WD 32564.**

Missouri Court of Appeals, Western District.

Feb. 1, 1983.

---

Carl W. Bussey, Kansas City, for appellants; Colbert & Fields, Kansas City, of counsel.

William M. Quitmeier, Kansas City, for respondents.

Before SHANGLER, P.J., and PRITCHARD and DIXON, JJ.

PRITCHARD, Judge.

For negligence in repairing a leased automobile which was involved in a collision, respondents recovered a judgment against appellants in the amount of $2,400.00.

By Point III, appellants contend that the trial court erred in overruling their motion for directed verdict as to respondents' Count I (which was based upon negligence) at the close of their evidence because (a) respondents' evidence failed to establish any negligence or contractual relationship between the parties; and (b) respondents' evidence failed to establish any breach or proper damages.

In the collision, the driver of the other vehicle was determined to be at fault, and his insurer, Ranger Insurance Company, agreed to repair and pay for the damages to respondents' automobile. Apparently Ranger dealt with appellants in agreeing to price and repair of respondents' leased vehicle. Respondents were unaware of any specifications or price, but Judy Southwick signed a work order with appellant authorizing the repairs. Ranger's draft was issued for the repairs payable to both parties, which was endorsed by them indicating release by respondents of Ranger and receipt of payment by appellants.

■ Appellants seem to say that any obligation to repair properly was due to Ranger. In this they are wrong. Any agreement between Ranger and appellants was for the benefit of respondents as third party beneficiaries, and any damages for failure properly to repair the vehicle enured thereunder to respondents. They have, therefore, a right to sue for its breach. *Stephens v. Great Southern Savings & Loan Ass'n*, 421 S.W.2d 332, 335[2, 3] (Mo.App. 1967), and cases footnoted. Besides, Judy Southwick was shown to have been an active participant in the agreement to repair in that she, as owner, signed a detailed repair order form with appellants. The contractual relationship is established, and the breach of the contract may be the basis for recovery upon the theory of *negligent* repair. See Annot., Garageman—Defective Work—Liability, 92 A.L.R.2d 1408, 1413

(1963); *State ex rel. Cummins Missouri Diesel Sales Corp. v. Eversole*, 332 S.W.2d 53, 58 (Mo.App.1960), "(I)f a party sues for breach of duty prescribed by law as an incident of the relation or status which the parties have created by their agreement, the action may be one in tort, even though the breach of the duty may also be a violation of the terms of the contract. (Citing case.) In such a case, the party has a choice whether to proceed in tort for violation of the duty imposed by law, or an action on the contract for breach of the contractual obligation." "As a bailee for hire, a repair or service station operator is under a duty to exercise ordinary care and skill in repairing motor vehicles." 38 Am.Jur.2d Garages, Etc. § 53, p. 355 (1968); and note *Boutell v. Scott's Royal Tire Co.*, 365 S.W.2d 765 (Mo.App.1963); and *Fancher v. Southwest Missouri Truck Center, Inc.*, 618 S.W.2d 271, 273[2] (Mo.App.1981), and cases and authority cited. Here, Count II of respondents' petition, which was based upon breach of contract, was dismissed by the trial court, leaving them the option only to proceed on the negligence theory of Count I. The record shows that there was a breach of the contract and negligence.

■ "Generally, the measure of damages recoverable for defective repairs of a bailed motor vehicle is the difference between the value of the vehicle in its defective condition and its value in the condition in which it would have been if the repairs had been properly performed, together with all other losses proximately resulting from the defective repair work * * *." 38 Am.Jur.2d Garages, Etc., § 80, p. 380 (1968). Annot. 1, A.L.R.4th 347 (1980), "Damages—Repair of Motor Vehicle" mentions other methods of measuring damages for negligent repair of an automobile, e.g., the difference between the value of the vehicle before and after defective repair; the difference between the amount paid for repairs and actual value of repairs or the amount necessary to complete the work; the cost of completing the repairs; and a return of the amount paid. The general rule above recited, however, is the better one as being more in

accord with standard of difference fair market value of property before and after its damage as contained in MAI 4.02. [Note, however, that the amount of recovery in the Fancher case, supra, was for the cost of further repairs plus other consequential damages, but no issue was presented therein as to the proper measure of damages.]

The trial court gave Instruction No. 7: "If you find in favor of plaintiffs then you must award plaintiffs such sum as you may find from the evidence to be the difference between the fair market value of the 1977 Volvo automobile if it had been repaired properly and its fair market value after it was repaired negligently." Note that this instruction substantially follows the statement of the general rule, supra, as to damages for negligent repair. The instruction is not here attacked as being an incorrect statement of the law, and the foregoing discussion as to such damages is included only because appellants say that respondents failed to establish any proper damages. In this, appellants are correct. All that was received in evidence was a list of necessary further repairs and the cost thereof (referred to in the transcript as Plaintiffs' Exhibit 4). No witness testified as to the fair market value if the vehicle had been repaired properly and its fair market value after it was repaired negligently, or the difference thereof, in accordance with Instruction No. 7. Respondents failed in their burden of proof as to damages, but in accordance with *Ribando v. Sullivan*, 588 S.W.2d 120, 125[6] (Mo.App.1979), since there was evidence that they did suffer at least some damage, they should be given the opportunity to establish the correct measure of damages upon remand. The *Ribando* case held, "Hence, plaintiffs' failure to prove its (sic) full amount of damage cannot stand as sufficient reason for saying that a verdict should have been directed against them."

Witness Bass made an examination and an appraisal of the damage after the alleged negligent repair of respondents' Volvo listing them on Plaintiffs' Exhibit 4. That exhibit also contained his notes with these conclusions: "(1) Items listed below were to have been new but were used parts or were straightened; (2) Items were improperly straightened; (3) Refinish is peeling off, joints are cracking & rusting. The above items must be reworked as per my itemized appraisal to return the vehicle to a satisfactory condition thus restoring the vehicle to a fair market value; (4) This estimate reflects repairs need (sic) to correct previous repairs that were not properly performed." An objection was lodged as to the Bass opinions, but not to his making a statement as to costs, and the court quite apparently admitted it for the limited purpose of showing costs. The document was also used thereafter for cross and direct examination, and was limited for the purpose of costs of repair. See *Nutz v. Shepherd*, 490 S.W.2d 366 (Mo.App.1973). Bass was never permitted to testify as to his opinion as to the matters listed on the exhibit. The trial court permitted the exhibit to be taken to the jury during its deliberations without blanking out any of the opinions thereof, thus in effect permitting it to consider the opinions which were not supported by any evidence, which was error. See 89 C.J.S. Trial, § 467, p. 106 (1955); *Zagarri v. Nichols*, 429 S.W.2d 758, 761[4, 5] (Mo.1968), "[I]t is improper and erroneous to allow the jury to have articles not properly in evidence which would tend to influence the verdict."

It is contended that certain photographs of the Volvo were improperly admitted into evidence. A sufficient foundation thereto was made by Judy Southwick as to when they were taken and that they fairly represented the condition of the Volvo at that time. No error appears as contended. The same ruling applies to the objection of the giving of Instruction No. 5, based upon claimed error in omitting the elements of a finding of contract, the specifics thereof, and the failure to prove a breach thereof. As noted, the theory of Count I is on the basis of negligence, and the instruction properly follows MAI 17.01. Respondents clearly made a submissible case.

For the errors noted, the judgment is reversed and the case is remanded for new trial on the issue of damages only.

All concur.