STATE OF HAWAII, Plaintiff-Appellee, *v.* RICKEY LARUE, Defendant-Appellant

NO. 10838

(CRIMINAL NO. 85-0124)

AUGUST 1, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction for rape in the second degree (HRS § 707-731) and three counts of sexual abuse in the first degree (HRS § 707-736). For the reasons stated below, we reverse and remand for a new trial.

Appellant raises two contentions. One, that a remark by the prosecutor to a witness in the presence of a jury that "[i]n the light of certain

technicalities, unfortunately you won't be able to render an opinion . . ." violated his right to due process under Article I, section 5 of the Constitution of the State of Hawaii and the Fourteenth Amendment to the Constitution of the United States. Two, that a juror's statement, heard by seven jurors during deliberations, as to the reliability of testimony by children as to sexual molestation at a very early age, expressly based upon the juror's own personal experience with such an event at such an age, deprived him of his right to a trial by an impartial jury under Article I, section 14 of the Constitution of the State of Hawaii and the Sixth and Fourteenth Amendments to the Constitution of the United States.

We find it necessary only to consider the contention that the statement of jury foreperson Chung as to her own experience at the age of three, and the ability of a child to remember such an experience, violated appellant's right to an impartial jury under Article I, section 14 of the Constitution of the State of Hawaii.

At the trial, the central question was the reliability of the three minors' statements with respect to their alleged sexual molestation by the appellant. The statement by the jury foreperson occurred during jury deliberations. The testimony taken with respect thereto was from juror Kerr and from foreperson Chung. Juror Kerr testified:

THE JUROR: Okay. We had probably about 40 minutes yesterday to start deliberation; and we took a preliminary vote just to see if there was any possibility of, if everybody agreed on the first count, and we didn't. So we started going around the table one by one. And as the discussion progressed, Juli, who has been elected our foreman, because of a statement made in reference to the age of the child and whether their testimony and their memory and so forth, Juli said that, if I can phrase it, she said, "Well, I know for a fact that they do remember because when I was a little girl, about three years old, my uncle molested me." And I got to thinking that that did not come out in voir dire, and I was sure that you had been very specific in asking had anyone been associated or related to in any way, whether prosecuted or not, to child abuse, sexual child abuse. And I was sure that that did not come out because I think one gentleman approached the bench with —

Foreperson Chung testified as follows:

[THE COURT:] What did you bring up?

THE JUROR: I just — I told them when I was three, my uncle

touched me.

THE COURT: Did you tell them where or

THE JUROR: No, I didn't tell them where. I said I didn't tell my parents, but

THE COURT: When that came up, was it because of your personal experience that you voted whichever way you did? And don't tell us which way you went.

THE JUROR: Not really. It was more that — what's her name? — Jenifer Nye; if she's old enough to be up there on the stand, you know, something like that; if we think she's old enough to be on the stand, something like that.

THE COURT: Okay. Now, when you said that your uncle touched you, did you say it in that word? or did you say, "I was raped" or "I was sexually abused"?

THE JUROR: No. I said I was once touched.

THE COURT: And when we were going through — you remember when the trial started — you have gone through several trials; we have the voir dire stage — and I had asked the [question] if anyone had been the victim or had friends or family member been a victim of a sexual nature, did you think about your personal incident?

THE JUROR: No, I didn't really think about that then. You know, it only came up when they were saying if Jenifer is capable of telling us what really happened and all that stuff.

THE COURT: Did you think that what had happened between you and your uncle was a crime or a sexual crime?

THE JUROR: Now, I do. At that time, I didn't really.

Tr. at 252-53.

MR. HSIEH: Okay. Did you bring up that experience to show the people that you can remember today what happened to you when you were three?

THE JUROR: Okay. They were saying if Jenifer is capable enough to go on the stand; and I told them if I was in her position, I could go on the stand and say what happened to me or what didn't happen to me, you know, because to me, I can remember what I did at three, you know.

Tr. at 256.

MR. VALDRIZ: What was the exact statement that you made?

THE JUROR: I told them, "When I was three, I was once touched, when I was three, and I can remember what happened." Tr. at 260.

Regardless of which version of what foreperson Chung said is accepted, the fact remains that foreperson Chung was vouching for, and attempting to secure the acceptance by the jury of, the reliability of the statements of the minor complainants as to their sexual molestation by appellant, based not upon evidence in the record, or their appearance on the stand, but upon her own similar personal experience and recollection thereof.

Jurors are, of course, entitled in determining even a criminal case, to draw upon their general experience in life. What was done here by the foreperson was entirely different. Here, the crucial issue was being decided, at least by the foreperson, on the basis of a singular, and undoubtedly traumatic, personal experience closely paralleling the alleged crimes. *Compare El Paso Electric Co. v. Cannon,* 128 Tex. 613, 99 S.W.2d 907 (1937); 58 Am. Jur.2d, *New Trial* § 87 (1971).

Had foreperson Chung revealed the experience, and her recollection thereof, during the voir dire, there can be no question that she would have been subject to a challenge for cause, because it is clear that, given the central issue of reliability of the children's statements in this case, a person with such an experience and recollection thereof cannot, no matter how hard he or she tries, really be an impartial juror. We do not doubt that foreperson Chung's failure to reveal that experience and recollection during voir dire was innocent, and inadvertent. The fact, however, that she brought it out to the other jurors during deliberation makes clear that her judgment on the issue was based on the particular incident in her own past, and her recollection thereof, and that she therefore was not, in this case, impartial. Moreover, it is impossible to say that beyond a reasonable doubt, the seven jurors who heard the remark were not influenced thereby in reaching their verdict.

HRE Rule 606 provides:

*Rule 606 Competency of juror as witness.* (a) At the trial. A member of the jury may not testify as a witness before that jury in the trial of the case in which he is sitting as a juror.

(b) Inquiry into validity of verdict or indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify concerning the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the

verdict or indictment or concerning his mental processes in connection therewith. Nor may his affidavit or evidence of any statement by him indicating an effect of this kind be received.

The Commentary to Rule 606(b) quotes from the Advisory Committee on the federal Rules of Evidence as follows:

"The trend has been to draw the dividing line between testimony as to mental processes, on the one hand, and as to the existence of conditions or occurrences of events calculated improperly to influence the verdict, on the other hand, without regard to whether the happening is within or without the jury room . . . . The jurors are the persons who know what really happened. Allowing them to testify as to matters other than their own reactions involves no particular hazard to the values sought to be protected. The rule is based upon this conclusion."

Under HRE Rule 606(b), we cannot consider the jurors' testimony as to the effect of the improper statement upon them. We can only consider whether such a statement was made (which is undisputed), and whether, given that statement, we can say that appellant had a trial before an impartial jury. We conclude that he did not.

Defense counsel, at the trial, did not move for a mistrial at the time the statement came to light. The failure to so move placed the trial judge in a difficult predicament because, under the holding of the United States Court of Appeals for the Ninth Circuit in *Mayo v. Attorney General,* 692 F.2d 595 (1982), and the United States District Court for the District of Hawaii in *Mayo v. Attorney General,* 528 F.Supp. 833 (D. Haw. 1981), had the court granted a mistrial absent such a motion, there would have been a substantial risk that the federal courts would later hold that a new trial placed the appellant in double jeopardy. By not moving for a mistrial, defense counsel, in effect gambled that if an unfavorable verdict was returned, we would notice the violation of appellant's constitutional right to an impartial jury under the plain error rule. HRPP 52(b); HRAP 49(a)(1).[1] Because the right to an impartial jury in a criminal trial is so fundamental to our entire judicial

---

[1] This case is unlike *Bachran v. Morishige,* 52 Haw. 61, 469 P.2d 808 (1970), and *Medeiros v. Udell,* 34 Haw. 632 (1938), in two respects. First, it is a criminal case and second, the misconduct of the juror was promptly called to the trial court's attention even though no mistrial motion was made.

system, we do notice plain error here.

We do not, however, condone the tactics used by trial counsel in failing to move for a mistrial. Fortunately, instances of this nature do not frequently occur, but it may well be that, in similar situations in the future, we will feel required to take some action with respect to such conduct by then trial defense counsel. Reversed and remanded for a new trial.

*Susan Barr (John M. Tonaki,* with her on the opening brief), Deputy Public Defenders, for appellant.

*Candace Kay Andersen (Arthur E. Ross* with her on the answering brief), Deputy Prosecuting Attorneys, for appellee.