YAENO T. LOPEZ, as Guardian Ad Litem for **TOSHINORI TAMARI LOPEZ**, a minor, Plaintiff–Appellant, v. **SEARS ROEBUCK AND CO., JOHN DOES 1–10, JANE DOES 1–10, DOE CORPORATIONS 1–10, DOE PARTNERSHIPS 1–10**, and **DOE GOVERNMENTAL ENTITIES 1–10**, inclusive, Defendants–Appellees

NO. 13268

(CIV. NO. 87–626)

AUGUST 10, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Toshinori Lopez (Plaintiff) was involved in an accident and suffered injuries while riding a bicycle purchased from Sears, Roebuck & Co. (Sears). The bicycle, although not manufactured by Sears, was assembled at the Sears store at the time of purchase. Plaintiff asserted that Sears was negligent in assembling the bicycle, and therefore, liable for his injuries. Alternatively, Plaintiff alleged that Sears had sold a defective product which was dangerous to the consumer, and therefore, is strictly liable for injuries arising from the use of the defective bicycle.

The case was tried before a jury. During the course of jury deliberations, the jury foreman conducted his own investigation by going to a Sears store where he observed the assembly process. He then reported to

his fellow jurors his observation and concluded that "he was now certain that Sears was 100% free from fault or liability."

The jury foreman's conduct was unknown to the judge and the litigants until after the verdict had been rendered. When the foreman's conduct became known to Plaintiff, a motion for a new trial was made. Although there was no denial that the foreman conducted the investigation and made comments to the rest of the jurors in relation thereof, the trial court denied the motion, and judgment was entered in accord with the special verdict.

On the special verdict form, the jury responded that the bicycle was in a defective condition, but such defect was not the legal cause of the Plaintiff's injuries; that Sears negligently assembled the bicycle and such negligence was the legal cause of Plaintiff's injuries. The jury, however, found that Sears was only 40% responsible for the injuries sustained and that Plaintiff himself was 60% responsible. Thus, under our laws of contributory negligence, Hawaii Revised Statutes § 663–31 (1985), Plaintiff recovered nothing from Sears.

On appeal, Plaintiff's principal arguments are that (1) the jury's responses on the special verdict form are inconsistent, and (2) the verdict was tainted by juror misconduct.

We agree that there was juror misconduct which warrants vacation of the judgment and remand for a new trial. We, therefore, need not resolve the other issue.

I.

It is not disputed that the jury foreman's investigation was unauthorized and improper.

The trial court's failure to hold an evidentiary hearing on the issue of juror misconduct is of no consequence in this case. Here, one juror, by sworn affidavit, stated that the foreman related his investigation and conclusions to the rest of the jurors. There was no attempt to contradict the juror's sworn statement. Therefore, the trial court must have accepted the sworn statement as being true. *Cf. Stratis v. Pacific Ins. Co.*, 7 Haw. App. ___, 739 P.2d 251 (1987) (where a juror was seen in vicinity of the fire–damaged building but it was unknown what juror had viewed or inspected, or whether any communications were made to other jurors, evidentiary hearing before trial court was necessary). The only question,

then, is whether Plaintiff was prejudiced by the jury foreman's misconduct.

> In *Stratis, supra,* our Intermediate Court of Appeals stated:
> The unauthorized view of the premises by a juror "is not in and of itself prejudicial in the absence of a showing that it influenced or affected the verdict."

*Id.* at ___, 739 P.2d at 255 (quoting 75 Am. Jur. 2d *Trials* § 984, at 829 (1974)).

The difficulty in showing prejudice arising from jury misconduct is that

> [u]nder Rule 606(b) [Hawaii Rules of Evidence],[1] we cannot consider the jurors' testimony as to the effect of the improper statement upon them. We can only consider whether such a statement was made . . ., and whether, given that statement, we can say that appellant had a trial before an impartial jury.

*State v. LaRue,* 68 Haw. 575, 579, 722 P.2d 1039, 1042–1043 (1986).

Being foreclosed from asking the jurors whether the foreman's investigations and his comments thereon influenced their decision deprived the Plaintiff of the obvious and direct means of determining whether the unauthorized and improper investigation was prejudicial.

We recognize the difficulty in making a showing of prejudice under these constraints. Therefore, we hold that when there has been unauthorized and improper investigation by one or more of the jurors, there is a presumption of prejudice and the verdict will be set aside unless it is clearly shown that the juror's conduct could not have affected the verdict. *See Heaver v. Ward,* 68 Ill. App. 3d 236, 24 Ill. Dec. 930, 386 N.E.2d 134 (1979); *Sanders v. Curry County,* 253 Ore. 578, 456 P.2d 493 (1969); and *Bainton v. Board of Educ.,* 57 Misc. 2d 140, 292 N.Y.S.2d 229 (1968).

Although it is not clear that the foreman's investigation and comments affected the verdict, we conclude that the foreman's comments on

---

[1] Rule 606(b), Hawaii Rules of Evidence, states:

Inquiry into validity of verdict or indictment. Upon an inquiry into the validity of a verdict or indictment a juror may not testify concerning the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith. Nor may his affidavit or evidence of any statement by him indicating an effect of this kind be received.

his investigation and conclusions could have influenced the outcome of liability between Sears and Plaintiff.

The verdict and judgment are vacated and the case is remanded for a new trial.

*Glen J. Dryer (Daniel B. Gossett* and *Robert P. Marx* with him on the brief) for plaintiff–appellant.

*Richard E. Stifel (Bryan C. Yee* with him on the brief, of Goodsill Anderson Quinn & Stifel) for Defendant–Appellee Sears, Roebuck and Co.