**STATE OF HAWAII**, Plaintiff–Appellee, v. **JOHN SUGIYAMA**, also known as John Sungiyama, John Sumany, Keoni and Jim, Defendant–Appellant

NO. 13954

(CR. NO. 88–1508)

MAY 18, 1990

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY PADGETT, J.

Defendant–Appellant John Sugiyama (appellant) was convicted by a jury of one count of kidnapping (Hawaii Revised Statutes (HRS) § 707–720(1)(d)), three counts of sexual assault in the first degree (HRS § 707–730(1)(a)), and one count of sexual assault in the third degree (HRS § 707–732(1)(c)).

On a motion for new trial, the trial court found that during voir dire, one of the jurors was asked: "Will you hold it against the defendant if he doesn't testify?" The answer was "No." The court below found that during voir dire, the juror in question failed to honestly reveal his bias against criminal defendants who fail to testify in their own defense. The trial court further found that prior to deliberations the same juror stated to another juror "I don't understand why he didn't take the stand." During a smoke break the same day, the same juror said to the same other juror "I don't understand why he didn't go on the stand if he were innocent." During deliberations in the juryroom, the juror stated "If I were innocent, I would take the stand to defend myself." Then during a smoke break during deliberations, he said to one of the jurors "If I were innocent, I would take the stand to defend myself." Again, during deliberations, he stated: "If I were innocent, I would take the stand to defend myself." Despite these findings, the court below refused to grant a new trial.

In our view, the denial of the motion for a new trial was an abuse of discretion and must be reversed. It is settled that a defendant has a constitutional right *not* to take the stand, and a constitutional right to have the jury instructed that *no* adverse inferences

are to be drawn from the fact that the defendant does not take the stand. The court below correctly so instructed the jury.

It is clear that had the juror responded "yes" to the voir dire question "[w]ill you hold it against the defendant if he doesn't testify," he could and would have been excused for cause.

In *State v. Larue*, 68 Haw. 575, 722 P.2d 1039 (1986), we stated:

> Had foreperson Chung revealed the experience, and her recollection thereof, during the voir dire, there can be no question that she would have been subject to a challenge for cause, because it is clear that, given the central issue of reliability of the children's statements in this case, a person with such an experience and recollection thereof cannot, no matter how hard he or she tries, really be an impartial juror.

*Id.* at 578, 722 P.2d at 1042.

By the same token, in this case had the juror in question responded truthfully to the voir dire inquiry he would have been excused for cause because he could not be an impartial juror. A criminal defendant is entitled to twelve impartial jurors. Appellant in this case, because of the false answer, did not have a trial before twelve impartial jurors. The trial court abused its discretion in refusing to grant a new trial. Reversed and remanded for a new trial.

*Theodore Y.H. Chinn*, Deputy Public Defender, for appellant.
*Charlotte J. Duarte*, Deputy Prosecuting Attorney, for appellee.