**STATE OF HAWAII**, Plaintiff–Appellee, v. **WENDELL AMAYA PICHAY**, Defendant–Appellant

NO. 14800

(CR. NO. 89–0433)

JANUARY 8, 1992

LUM, C.J., PADGETT, HAYASHI, AND
WAKATSUKI, JJ., AND INTERMEDIATE COURT
OF APPEALS CHIEF JUDGE BURNS, IN PLACE
OF MOON, J., RECUSED

OPINION OF THE COURT BY LUM, C.J.

Defendant–appellant Wendell Amaya Pichay (appellant) appeals from his convictions for Unauthorized Control of a Propelled Vehicle, in violation of Hawaii Revised Statutes (HRS) § 708–836; Possession of a Prohibited Firearm, in violation of HRS § 134–8; and for keeping a Firearm in a Prohibited Place, in violation of HRS § 134–6. Appellant argues that the trial court erred in denying appellant a new trial after the court, over objections by both the State and defensé counsel, granted the jury's request to take two dolls and a calculator in the jury room on the second day of deliberations. Finding that appellant's constitutional right to a fair trial has been denied, we vacate the conviction and remand for a new trial.

I.

The pertinent facts are undisputed. The jury retired on the morning of May 21, 1990. Still without a verdict on May 22, 1990 at 8:30 a.m., the jury sent a communication to the court requesting permission to use two dolls and a calculator apparently brought in by a juror that morning. The court granted permission to the jury at 8:55 a.m. over objections by the State and the defense. The jury returned guilty verdicts to all counts later that morning and was discharged without examination to determine whether they used the extraneous materials; if so, how they used them; and whether the use had a prejudicial effect on their verdict. The court allowed a record of the objections to be made several days after the verdict, at which time appellant moved for a mistrial and a new trial. This appeal followed.

II.

"A fair trial by an impartial jury is guaranteed to the criminally accused by both the sixth amendment of the United States

Constitution and article I, § 14 of the Hawaii Constitution. Inherent in this requirement is that the jury be free from outside influences." *State v. Williamson*, 72 Haw. 97, 102, 807 P.2d 593, 596 (1991); *State v. Keliiholokai*, 58 Haw. 356, 569 P.2d 891 (1977).

It is undisputed on appeal that it was error to allow the jury to consider non–evidentiary materials during deliberations. *See, e.g., Southwick v. Ace Auto Body Shop, Inc.*, 646 S.W.2d 401, 404 (Mo. App. 1983) (" '[I]t is improper and erroneous to allow the jury to have articles not properly in evidence which would tend to influence the verdict' "); *Walker v. Sparkling Pools, Inc.*, 171 So. 2d 205 (Fla. App. 1965) (holding it was reversible error to permit the jury to take a mechanical jack, not introduced into evidence, into the jury room). *See also State v. Keliiholokai*, 58 Haw. at 358, 569 P.2d at 893–94 ("jury's verdict must be based upon evidence received in open court and not from outside sources"); *Lyon v. Bush*, 49 Haw. 116, 124, 412 P.2d 662, 667 (1966) (quoting *Public Operating Corp. v. Weingart*, 257 App. Div. 379, 13 N.Y.S.2d 182 (1939) ("it is improper to permit the jury in arriving at its verdict to consider papers or documents not in evidence and which tend to influence the verdict of the jury").

In *State v. Williamson*, 72 Haw. 97, 807 P.2d 593 (1991), this court reiterated its strong disfavor of a jury's consideration of extraneous material. We said that upon discovery of outside influence during the deliberation process which

> could substantially prejudice the defendant's right to a fair trial, a rebuttable presumption of prejudice is raised. The trial judge is then duty bound to further investigate the totality of circumstances surrounding the outside influence to determine its impact on jury impartiality. The standard to be applied in overcoming such a presumption is that the outside influence on the jury must be proven harmless beyond a reasonable doubt.

*Williamson*, 72 Haw. at 102, 807 P.2d at 596 (citations omitted). In the case at bar, neither appellant nor appellee can demonstrate whether there was a prejudicial effect because neither they nor the trial court sought to determine if the materials were actually used by the jury in deliberations. The record does not reveal for what intended purpose the materials were brought to the jury room. Absent a determination by the trial court that prejudice did not occur, we cannot conclude that the presumption of prejudice has been rebutted.

The egregious error of constitutional dimension commands us to vacate the conviction and remand for a new trial.

*Emmanuel G. Guerrero*, Deputy Public Defender, for defendant–appellant.

*James H. S. Choi*, Deputy Prosecuting Attorney, for plaintiff–appellee.

## CONCURRING OPINION OF WAKATSUKI, J.

I concur with the opinion, but write this separate concurrence to clarify what the proper inquiry should be when there has been a showing that extraneous material had been exposed to the jury.

The opinion correctly states that there is a rebuttable presumption of prejudice when it is discovered that extraneous matters had been interjected into the jury deliberation process. However, to rebut the presumption, the proper inquiry is of a very limited nature.

Hawaii Rules of Evidence (HRE) 606(b) provides:

> Inquiry into validity of verdict or indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify concerning the effect of anything

upon the juror's or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. Nor may the juror's affidavit or evidence of any statement by the juror indicating an effect of this kind be received.

In *State v. LaRue*, 68 Haw. 575, 722 P.2d 1039 (1986), the jury foreperson in a rape and sexual abuse case revealed to the other jurors that she had been molested as a child. This court stated:

Under HRE Rule 606(b), we cannot consider the jurors' testimony as to the effect of the improper statement upon them. We can only consider whether such a statement was made (which is undisputed), and whether, given that statement, we can say that appellant had a trial before an impartial jury.

*Id.* at 579, 722 P.2d at 1042–43.

The jury foreman in *Lopez v. Sears Roebuck & Co.*, 70 Haw. 562, 777 P.2d 715 (1989), conducted his own investigation of the case and reported his conclusions to the other jurors. We held that this created a presumption of prejudice, but that the litigants and the trial court were "foreclosed from asking the jurors whether the foreman's investigations and his comments thereon influenced their decision[.]" *Id.* at 564, 777 P.2d at 716.

Here, the only proper inquiry would have been whether the dolls and calculator were in fact used and for what purpose. If they had been used and their use could have in any manner influenced the outcome of the case, then the presumption of prejudice cannot be rebutted by inquiries as to whether and how their use influenced the jurors' thinking.