Gregory FISHER *v.* STATE of Arkansas

CA CR 03-323 139 S.W.3d 815

Court of Appeals of Arkansas
Division I
Opinion delivered January 7, 2004

· *Charles E. Waldman*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

Andree Layton Roaf, Judge. Gregory Fisher was convicted of possession of cocaine with intent to deliver and possession of marijuana with intent to deliver by a jury and sentenced to forty years and fifteen years, respectively, to be served consecutively. Fisher was also fined $150,000. Fisher appeals both convictions, arguing (1) that the trial court erred in allowing extraneous

material, an atlas that was not introduced at trial to be presented to the jury during deliberations, (2) that the sentence imposed was excessive, and the terms for repayment of his fine unreasonable, and (3) that there was insufficient evidence to support the verdict. Fisher's arguments regarding the sufficiency of the evidence and the length and terms of his sentence are not preserved for appeal, and he has failed to demonstrate prejudice in the presentation to the jury of the extraneous, non-evidentiary material. We affirm.

Because Fisher's sufficiency challenge is not preserved for appeal, it is not necessary to recite at length the testimony and evidence presented at his trial. Fisher was the passenger in a commercial truck operated by co-defendant Kevin McKenzie[1] that was stopped at a truck weigh station in Alma, Arkansas. An officer at the weigh station in Arkansas noted that the truck's refrigerated unit was operating at an unusually high temperature, and a search of the truck revealed pallets of produce and several backpacks containing approximately 300 pounds of marijuana and two kilos of cocaine. The truck was en route from California with a load of refrigerated produce. McKenzie testified that he was originally from Jamaica and that he had worked as a driver for the owner of the truck for several months. McKenzie stated that on this trip he left from Anaheim and made stops at three other cities in California; Riverside, Oxnard, and Fowler, to pick up produce to be delivered to Maryland. McKenzie stated that he did not have access to the refrigerated unit, and received a key to the refrigerated unit only at the last pickup. He testified that Fisher rode along with him because he had not been in the country very long and wanted to "see what California is like." The evidence with regard to Fisher's involvement came through his testimony and the testimony of McKenzie and the officers involved, and reflects that he was related to the owner of the truck, was also from Jamaica, claimed to have come to California "just to see California," and had two IDs when arrested, in the names of Gregory Anton Fisher and Patrick Henry. Fisher denied that his name was Gregory Fisher during his testimony, and claimed that was his cousin's name and ID.

---

[1] Kevin McKenzie was also charged and tried in the same trial for possession of cocaine and marijuana with intent to deliver; however, the jury was unable to reach a verdict as to McKenzie.

The trial concluded, and at 10:15 a.m. the jury retired to deliberate. At 1:20 p.m., the jury returned to the courtroom with two questions. After a sidebar with counsel for Fisher and the State in which defense counsel objected to the court answering the questions posed by the jury, the trial judge instructed the jury to base its decision on the evidence presented. At 3:25 p.m. the jury again returned to the courtroom. This time the foreperson requested a map of California. Counsel for the defendant again objected, arguing that a map was not admitted into evidence, and the court should not furnish one. The trial judge asked the foreman why the jury requested a map. The foreman explained that the jury wanted to see the proximity of the three pickup cities to each other. The trial court responded that the jury's request was a simple one, overruled defense counsel's objection, and permitted the jury to view an atlas. The jury returned with a guilty verdict one hour and twenty-two minutes later.

Fisher was sentenced to forty years' imprisonment and a $150,000 fine for the possession of cocaine conviction. He was sentenced to fifteen years' imprisonment for the possession of marijuana conviction. The jury recommended that the sentences run consecutively, and the judge, stating that he was following the recommendation of the jury, ordered Fisher to serve the sentences consecutively. The court also ordered Fisher to begin paying the $150,000 fine at a rate of $100 per month, beginning sixty days following his release from the Arkansas Department of Correction.

We first note that Fisher's challenges to the sufficiency of the evidence and to his sentence are not preserved for appellate review. Fisher relies on the "plain error doctrine." However, as the State points out, Arkansas only recognizes the plain error doctrine in four limited circumstances, see *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980), none of which apply to this case.

■ Fisher challenges the sufficiency of the evidence. The abstract and record show that Fisher did not move for a directed verdict during the trial. Arkansas Rules of Criminal Procedure 33.1 governs the procedure for challenging the sufficiency of the evidence at a jury trial and provides that a motion for directed verdict must be made at the close of the State's case, and renewed at the close of all of the evidence. Fisher's arguments are not preserved for appellate review because he failed to make a directed verdict motion at the close of the State's evidence and again at the

close of all of the evidence as required by Ark. R. Crim. P. 33.1. *McClina v. State*, 354 Ark. 384, 123 S.W.3d 883 (2003).

■ Fisher also challenges his sentence, arguing that it is excessive. Fisher also argues that it was unreasonable for the trial court to order him to commence payment of $100 per month toward his fine just sixty days after his release from a lengthy prison sentence. He did not object to either the sentence or terms of payment of the fine below and this court does not consider arguments raised for the first time on appeal. *Walker v. State*, 330 Ark. 652, 955 S.W.2d 905 (1997).

Fisher's third argument is that the trial court erred in allowing a document that was neither introduced at trial nor entered by the court to be presented to the jury during deliberations. He contends that to allow the jury to view any document, regardless of what it is, that was not in evidence is a clear violation of the rules of evidence. He argues that in allowing the jury access to extraneous information at a very crucial time during the trial, when the jury had been in deliberation for several hours, violated his right to a fair trial.

■■ Arkansas Code Annotated section 16-89-125(e) (1987) provides that trial courts must call juries into open court in order to communicate with them when they have a query during deliberations. It is well-settled that noncompliance with this statutory provision gives rise to a presumption of prejudice, and the State has the burden of overcoming the presumption. *Atkinson v. State*, 347 Ark. 336, 64 S.W.3d 259 (2002); *Clayton v. State*, 321 Ark. 602, 906 S.W.2d 290 (1995); *Rhodes v. State*, 290 Ark. 60, 716 S.W.2d 758 (1986). The failure of a defendant and his counsel to be present when a substantial step occurs, such as the judge's answering questions of the jury, violates the defendant's fundamental right to be present at any stage of the criminal proceeding that is critical to the outcome. *Goff v. State*, 329 Ark. 513, 953 S.W.2d 38 (1997). Here, however, the procedural requirements of the statute were followed, and Fisher's argument goes to the propriety of the trial court's decision to allow the jury to have information not introduced into evidence during the trial.

■ We have found no Arkansas case addressing the issue of whether, when the statutory procedure is followed, it is error to allow a jury to have extraneous new information during jury

deliberations in a criminal trial.[2] In *Dickerson Construction Co., Inc. v. Dozier*, 266 Ark. 345, 584 S.W.2d 36 (1979), a bailiff provided the jury with one of two charts used by appellee to display damage computations, without the trial court or the appellant's knowledge. The jury returned a verdict for appellee ten minutes later, and appellant moved for new trial after learning what happened. The supreme court held that the trial court abused its discretion in denying the motion, and reversed and remanded for new trial because the statutory procedure was not followed, stating:

> The procedure to be followed when a jury, which has retired for deliberation, requests additional information or clarification of some point is established by Ark. Stat. Ann. 27-1734 (Repl. 1962). The statute reads:
>
>> Further instruction. After the jury has retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of or after notice to the parties or their counsel.

---

[2] A number of other jurisdictions have addressed the issue of whether it is error to allow the jury to use material not admitted into evidence. *See State v. Lihosit*, 131 N.M. 426, 38 P.3d 194 (2002) (holding that the trial court did not abuse its discretion by granting jury's request for calculator to use during deliberations in complicated embezzlement prosecution involving multiple pieces of evidence and where calculator was merely a substitute for pencil and paper and not used to perform independent tests or create evidence); *State v. McCarty*, 271 Kan. 510, 23 P.3d 829 (2001) (holding that it was an abuse of discretion, but not prejudicial to allow the jury to use a piece of string not introduced as evidence during deliberation to examine the trajectory of bullets); *Worcester v. State*, 30 P.3d 47, 2001 Wy. 82 (2001) (holding that trial court should not have allowed jury to have demonstrative evidence of watercraft models during deliberation when models were not admitted into evidence); *Com v. Lilliock*, 740 A. 2d 237, 1999 PA Super. 244 (1999) (holding that jury was properly allowed to use magnifying glass not admitted into evidence to examine photographic evidence because use of the magnifying lens was merely to view the evidence presented during trial); *State v. Pichay*, 72 Haw. 475, 823 P.2d 152 (1992) (holding that allowing jury permission to use two dolls and a calculator brought in by a juror, over objections by the State and the defense, was egregious error for which the presumption of prejudice was not rebutted by the State); *Grooms v. Com.*, 756 S.W.2d 131 (Ky. 1988) (holding that jury should not be allowed to take Bibles into jury room with them).

An identical procedure to be followed in criminal trials has been held to be mandatory. The considerations in those cases are just as relevant in this case. The appellant's attorneys had no opportunity to object to the jury receiving a chart which, in essence, summarized the appellee's closing argument relating to damages. There was no opportunity for the appellant's attorneys to request that an instruction be given which would limit the effect of the chart upon the jury's deliberation or remind the jury that the chart was not evidence. The fact that the chart had not been admitted into evidence is itself of no small significance. Ark. Stat. Ann. § 43-2138 (Repl. 1977) provides: "(u)pon retiring for deliberation, the jury may take with them all papers which have been received as evidence in the cause." *We decline, however, to hold that allowing the jury to have access to something which has not been admitted into evidence will necessarily, without more, constitute an abuse of discretion.* Other jurisdictions prohibit the jury access to anything which has not been introduced into evidence. Although the amount of time spent in deliberations is not in and of itself indicative of possible prejudice or lack of fair trial, the fact that the jury returned its verdict only ten minutes after receiving the chart, is a factor to consider in a determination of whether the appellant's cause may have been prejudiced. (Citations omitted.) (Emphasis added.)

*Id.* at 356, 584 S.W.2d at 42.

In *Williams v. First Security Bank of Searcy*, 293 Ark. 388, 738 S.W.2d 99 (1987), the trial court, over appellant's objection, allowed the jury to have a tablet on which appellee's expert wrote certain figures during his testimony. In holding that no prejudice resulted and affirming the judgment, the court stated:

While we have made a distinction between evidence admitted and not admitted which is taken into deliberation by the jury, that is not the determining factor. Rather, if the item is an accurate reflection of the testimony that will be a legitimate memory aid to the jury and affords no prejudice to the opposing party, we have found it within the discretion of the trial court to allow it.

* * *

In determining that no prejudice resulted from this incident, we note that the matter dealt with an issue which was not in testimonial dispute, as with the issue of liability for example. Here there was no contention that the figures given to the jury were not exactly what

> the witness had testified to, nor had the appellant even objected to or contested the accuracy of any of the figures when they were presented by the witness. The figures were a legitimate memory aid for the jury and there was no abuse of discretion by the court in allowing the jury to review the figures. (Citations omitted.)

*Id.* at 393, 394, 738 S.W.2d at 102, 102-103.

■ ■ Thus, our supreme court has held that if the statutory procedure is followed, it is within the discretion of the trial court to allow material not admitted into evidence, if the item is an accurate reflection of testimony that will serve as a legitimate memory aid for the jury. *Williams, supra.* The civil and criminal statutory procedures are identical, as noted by the supreme court in *Dozier.* Consequently, it was not error as a matter of law for the trial court to allow the jury to have the atlas during deliberation in Fisher's trial. However, there was no testimony or evidence presented concerning the proximity of the three California cities in question, and the jury's request for the map was thus a request for extraneous information not introduced during the trial. It was neither a legitimate memory aid nor an aid, such as a magnifying lens or calculator, to examine or assemble evidence presented at trial. While the supreme court has held that there is a presumption of prejudice when the statutory procedure for such jury requests is not followed, *Atkinson, supra,* the court declined to hold that allowing the jury to have access to material not introduced into evidence will necessarily, without more, constitute an abuse of discretion. *Dozier, supra.* Here, the trial court complied with the statutory procedure and prejudice is not presumed, even if the court abused its discretion in allowing the jury to have the extraneous information. In this case, unlike in *Dozier,* where the jury deliberated only ten minutes after receiving a chart it requested, Fisher's jury continued to deliberate at some length after receiving the atlas before reaching a verdict. Fisher contends only that he suffered prejudice because the extraneous information came at a "crucial time" in his trial. However, there was no inquiry to see how or even whether the map was used by the jury, and we cannot see, nor does Fisher say, given the evidence presented in this case, how he may have suffered prejudice by allowing the jury to have it.

Affirmed.

GLADWIN and GRIFFEN, JJ., agree.