Syllabus.

# C. B. DWIGHT *v.* S. ICHIYAMA, M. YAMASHIRO AND D. K. HAIDA.

## No. 1055.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.
### HON. S. B. KEMP, JUDGE.

ARGUED MARCH 25, 1918.                    DECIDED MARCH 28, 1918.

COKE, C. J., QUARLES, J., AND CIRCUIT JUDGE ASHFORD
IN PLACE OF KEMP, J., DISQUALIFIED.

NEW TRIAL—*approaching juror—waiver.*

In a case where there were three defendants, after the jury had been instructed and retired to consider of their verdict they reported to the court that one juror had been approached by a stranger and requested to find for the defendant; two of the defendants thereupon moved that the jury be discharged and a mistrial entered, which motion was denied; plaintiff did not join in the motion nor object to the ruling of the court; the jury returned a verdict against one defendant but in favor of the two defendants asking the discharge of the jury; later plaintiff moved for a new trial on the sole ground that a juror had been approached and asked to find for the defendant:   Held, that the motion for new trial was properly denied; that plaintiff by his silence and inaction had waived the irregularity of which he complained.

SAME—*same.*

It is proper to deny a motion for new trial based upon the ground that a stranger who is not shown to have acted by procurement or with the knowledge or consent of any party to the action approached one of the jurors with the request that he find for the defendant in the absence of a showing that the verdict rendered was not authorized by the evidence and the law of the case and no showing made that the jury or any one of the jurors were influenced by such request.

SAME—*same.*

If the successful party is shown to have tampered with a juror

the verdict in his favor should be set aside so as to remove the court's proceedings from suspicion of undue influence and as punishment for wrong-doing.

## OPINION OF THE COURT BY QUARLES, J.

This is an action of assumpsit brought by the plaintiff upon a promissory note assigned to him by the payee against the defendant Ichiyama, the payor, and the defendants Yamashiro and Haida, indorsers thereon. The cause was tried before a jury, and after the evidence had been heard, the jury instructed and retired to consider their verdict, one of the jurors stated to the jury that he had been approached by a man whom he did not know who asked him to find for the defendant, whereupon the jury, through its foreman, reported to the court and the juror who made the complaint stated that a chinaman, a stranger to him who said that he was in the office of the fishery company, came to his house and asked him to find for the defendant and the next morning came to his office. Counsel for the defendants Yamashiro and Haida then moved that the jury be discharged and a mistrial entered, to which motion no joinder nor objection was made by the plaintiff or his counsel. The court, after interrogating the jurors as to the probable effect of the statement, concluded that the motion to discharge the jury should be denied and overruled the motion, instructing the jury to ignore this statement and to not let it influence them one way or the other. The said defendants excepted to the ruling of the court but no objection or exception was made or taken thereto by the plaintiff. The jury found in favor of the plaintiff as to the payor, defendant Ichiyama, but found in favor of the two defendants Yamashiro and Haida. No exception was taken to the verdict but later the plaintiff moved for a new trial based upon the

ground that the record shows that one of the jurors was approached as to the verdict with reference to two of the defendants which communication may have influenced said juror and said jury to have returned the verdict in favor of said defendants. This motion for a new trial was denied, to which the plaintiff excepted, and it is upon a bill of exceptions, in which this is the only exception, that the cause is before us.

It is argued by the plaintiff that the motion for a new trial should have been granted as a punishment for tampering with the jury and for the purpose of protecting the good name of the court and jury from suspicion of corruption. Courts should be prompt to set aside a verdict which has been secured by corrupt or improper acts of the successful party, and this, not only in the interest of an honest and proper administration of justice, but also by way of punishment to the wrongdoer. When a stranger to the action approaches a juror, as appears to have been done here, with a request that the jury find for the defendant, a verdict which is sustained by the evidence and the law should not be set aside in the absence of a showing that any party to the action was prejudiced by this improper act. To establish a precedent of this kind would do more harm than good and make it easy to open the way for upsetting proper verdicts by dishonest parties who expect an adverse verdict against them. There is no showing here that the verdict was not proper and justified both by the facts and the law of the case, and there was no exception to the verdict on the ground that it had been brought about by improper influence or misconduct. The plaintiff did not join with the defendants Yamashiro and Haida in moving for the discharge of the jury and the entry of a mistrial but saw fit to stand

by without objection, speculate on the .verdict, accept it if favorable and attack it if unfavorable. Such conduct cannot be encouraged. Under such circumstances the plaintiff must be regarded as having waived the misconduct on the part of a stranger whereby it was sought to influence a juror. It is argued that because the plaintiff did not object to the motion to discharge the jury he must be regarded as having acquiesced therein. We do not so consider it but regard his action as acquiescing in the action of the court in refusing to discharge the jury. If plaintiff had joined with these two defendants in moving for the discharge of the jury the jury would probably have been discharged. If he had desired to take advantage of the attempt to influence the jury he should have done so at the time, and failing to do so then must be regarded as having waived the irregularity. *Spreckels* v. *Brown,* 212 U. S. 208; *Merricourt* v *Norwalk Fire Ins. Co.,* 13 Haw. 226; *Bulliner* v. *People,* 95 Ill. 394. It is proper to deny a motion for a new trial based upon the fact that a stranger who is not shown to have acted by the procurement or with the knowledge or consent of any party to the action approached one of the jurors with the request that a verdict be found for the defendant in the absence of a showing that the verdict rendered was not authorized by the evidence and the law of the case and in the absence of a showing that the jury or any of the jurors were influenced by such request. If the successful party is shown to have tampered with the jury the verdict in his favor should be set aside so as to remove the court's proceedings from the suspicion of undue influence. But to set aside a proper verdict because a stranger has requested a juror to find a certain way would be an injustice not authorized and no punishment to the offender who may and should be proceeded against for contempt of court.

The exception is overruled.

*J. A. Matthewman* (Thompson & Cathcart on the brief) for plaintiff.

*Lorrin Andrews* (Andrews & Pittman on the brief) for defendants Yamashiro and Haida.

