UNITED STATES of America ex rel.
James A. GREENE

v.

STATE OF NEW JERSEY et
al., Appellants.

No. 74-2287.

United States Court of Appeals,
Third Circuit.

Argued June 5, 1975.

(Initial opinion filed June 16, 1975.)

Decided July 17, 1975.

Joseph D. J. Gourley, Passaic County Prosecutor, John P. Goceljak, Asst. Prosecutor, Paterson, N. J., for appellants.

Stanley C. Van Ness, Public Defender, William E. Norris, Asst. Deputy Public Defender, App. Section, East Orange, N. J., for appellee.

Before SEITZ, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The question for decision is whether the district court erred in granting a writ of habeas corpus to a state prisoner who alleged a denial of his Sixth Amendment right to an impartial jury under circumstances in which the trial judge ruled, as a matter of law, that newspaper articles describing an abortive, mid-trial attempt to plead *non vult* to a New Jersey murder indictment "would not affect [the jury's] deliberations . . . ."

The Passaic County Grand Jury indicted appellee for the murder of his paramour, allegedly committed in the presence of four witnesses. His trial began on October 13, 1970. Appellee's defense was temporary insanity. On the afternoon of the fifth day of a nine-day trial, appellee attempted to enter a plea of *non vult*. The trial court rejected his plea offer because, during the plea hearing, appellee contended that his action was not willful, deliberate or premeditated. Accounts of appellee's plea attempt and the trial court's rejection thereof were carried in two Passaic County newspapers—the Herald News and the Paterson Morning News. Appellee promptly moved for a mistrial, reading into the record the text of the articles. In support of its denial of appellee's motion, the state court said, in part:

> [T]he Court will rule that in its judgment, assuming that some of or all of [the] jurors did in fact read the articles and I can only assume at this point because there has been no voir dire of the jurors as to whether or not they have read the articles, the Court

will rule that its opinion, even if they did in fact read the articles, it would not affect their deliberations and I will deny your motion for a mistrial at this point.

In basing its grant of the writ on this ruling, the district court approved the recommendation of the magistrate, who had found:

[T]here is no doubt that the dissemination [was widespread], inasmuch as the articles mentioned appeared in the two major, if not the only daily newspapers in Passaic County. Furthermore, having in mind that [appellee's] defense, as announced in his counsel's opening, was temporary insanity, there can be little doubt that the publication of his offer to plead no contest to the indictment and thus expose himself to a sentence of life imprisonment as both articles pointed out, was undoubtedly prejudicial.

In *United States ex rel. Doggett v. Yeager*, 472 F.2d 229, 239 (3d Cir. 1973), we extensively reviewed the Supreme Court's accommodation of the defendant's Sixth Amendment right to an impartial jury with the news media's First Amendment right to freedom of the press. *See also United States v. D'Andrea*, 495 F.2d 1170, 1172 (3d Cir.) (per curiam), *cert. denied*, 419 U.S. 855, 95 S.Ct. 101, 42 L.Ed.2d 88 (1974).

On the same date that our initial opinion in this case was filed, the Supreme Court handed down its decision in *Murphy v. Florida*, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975). There, the Court held that (1) its rule in *Marshall v. United States*, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959)—that persons who have learned from news sources of a defendant's prior criminal record are presumed to be prejudiced—was imposed through the supervisory power of the Court and not mandated by the Constitution; therefore, the rule was inapplicable to federal habeas corpus review of state criminal proceedings; and (2) in the totality of circumstances presented, notwithstanding widespread pretrial publicity, and considering the *voir dire* conducted, the defendant had received a fair trial. Nothing in *Murphy* commands a reversal of the district court. What *Murphy* did change was so much of *Doggett* as stood "for the proposition that juror exposure to information about a state defendant's prior convictions or to news accounts of the crime with which he is charged *alone presumptively* deprives the defendant of due process." *Murphy v. Florida, supra*, 421 U.S. at 799, 95 S.Ct. 2031, at 2036, 44 L.Ed.2d 589. (emphasis added).

In the wake of *Murphy*, we have reconsidered our earlier decision and adhere to it. Upon an independent review of the record, we cannot say that the district court erred in finding the disseminated material "undoubtedly prejudicial" for the stated reason. In light of the widespread dissemination of prejudicial information, at the very least, the state court should have conducted an immediate *voir dire* inquiry to determine if the jurors had read the offensive articles and, if they had, whether they could nonetheless render a fair and true verdict. We have recently emphasized "that *voir dire* is a preliminary examination to ascertain the qualifications of potential jurors as well as any disqualifying bias or prejudice." *United States v. Wooton*, 518 F.2d 943, 945 (3d Cir. 1975).

Because the trial court did not conduct a *voir dire*, and because we cannot speculate what the jurors' responses would have been to an appropriate inquiry, we conclude that the appellee must be afforded a new trial.

The judgment of the district court will be affirmed with the direction that a writ of habeas corpus shall issue unless, within a reasonable time to be fixed by the district court, the State of New Jersey shall afford appellee a new trial.