STATE OF HAWAII, Plaintiff-Appellee, *v.* LEROY KELIIHOLOKAI, Defendant-Appellant

NO. 6157

SEPTEMBER 22, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY OGATA, J.

Defendant-appellant Leroy Keliiholokai (hereinafter appellant) was found guilty of murder by a jury in the First Circuit Court. He appeals from the judgment and sentence of the trial court entered upon his conviction. The determinative issue raised in this appeal is whether appellant was denied a fair trial because the trial court refused appellant's request to *voir dire* the jury concerning the jury's possible exposure to a newspaper article that disclosed appellant's prior convictions.

Appellant's jury trial commenced on Monday, January 12, 1976 and concluded on Friday, January 16, 1976. The jury was never sequestered during the trial. No proceedings were held on Wednesday, January 14, 1976, and the jury was not required to report for duty. It was on this day that the Honolulu Star-Bulletin published an article describing appellant's previous convictions for robbery in Kansas and on the island of Maui. On Thursday, January 15, 1976, trial was reconvened but before the jury was seated, defense counsel called the trial court's attention to the newspaper article and read into the record a portion of the article describing appellant's prior convictions. Counsel then requested the trial court to *voir dire* the jurors to determine whether the jurors had read or heard about the article, and if so, whether the article impaired their ability to sit as fair and impartial jurors. The trial court denied appellant's request. Appellant contends that this was reversible error.

A fair trial by an impartial jury is required as a basic protection of the criminally accused in a state prosecution by both the United States Constitution[1] and the Hawaii State Constitution.[2] *State v. Pokini*, 55 Haw. 640, 641, 526 P.2d 94, 99 (1974). Inherent in this requirement is that a defendant receive a trial by an impartial jury "free from outside influences." *Sheppard v. Maxwell*, 384 U.S. 333, 362 (1966).

---

[1] Sixth and Fourteenth Amendments of the U.S. Constitution; *see* Nebraska Press Ass'n v. Stuart, 427 U.S. 539 (1976); Duncan v. Louisiana, 391 U.S. 145 (1968).

[2] Art. I, Section 11 of the Hawaii State Constitution.

The jury's verdict must be based upon evidence received in open court and not from outside sources. *Sheppard v. Maxwell, supra,* at 351; *Irvin v. Dowd,* 366 U.S. 717 (1961); *United States v. Thomas,* 463 F.2d 1061 (7th Cir. 1972). Accordingly, any mass exposure of news accounts to the jurors during trial that is highly prejudicial to the defendant has been held to deny the accused his right to a fair trial by an impartial jury; and reviewing courts, under such circumstances, have not been hesitant to grant new trials. *Sheppard v. Maxwell, supra; Estes v. Texas,* 381 U.S. 532 (1965). In such instances, the probabilities of prejudice to the defendant were clearly evident even to the reviewing court. *People v. Cox,* 74 Ill. App.2d 342, 345-46, 220 N.E.2d 7, 9 (1966).

Where, however, the probabilities of prejudice are not clearly evident and it is not known whether the jurors have been exposed to the prejudicial newspaper accounts during trial, the rule is that once the existence of such news accounts has been brought to the attention of the trial court, "the court must ascertain the extent and effect of the infection, and thereafter, in its sound discretion, take appropriate measures to assure a fair trial." *United States v. Jones,* 542 F.2d 186, 194 (4th Cir. 1976); *United States v. Pomponio,* 517 F.2d 460, 463 (4th Cir. 1975), *cert. den.* 423 U.S. 1015 (1975); *United States v. Hankish,* 502 F.2d 71, 77 (4th Cir. 1974); *see United States v. Thomas, supra; Margoles v. United States,* 407 F.2d 727 (7th Cir. 1969), *cert. den.* 396 U.S. 833 (1969); *Silverthorne v. United States,* 400 F.2d 627 (9th Cir. 1968), *cert. den.* 400 U.S. 1022 (1971); *Adjmi v. United States,* 346 F.2d 654 (5th Cir. 1965), *cert. den.* 382 U.S. 823 (1965); *Coppedge v. United States,* 106 U.S. App. D.C. 275, 272 F.2d 504 (1959); *Marson v. United States,* 203 F.2d 904 (6th Cir. 1953). *See also* American Bar Association Project on Minimal Standards for Criminal Justice, Standards Relating to Fair Trial and Free Press, § 3.5(f) (Approved Draft 1968). In carrying out this duty, the trial court should make an inquiry as to:

> whether any jurors "had read or heard" the prejudicial publicity and, if any had, that juror should "be examined, individually and outside the presence of other jurors to determine the effect of the publicity. However, if no juror

indicates, upon inquiry made to the jury collectively that he has read or heard any of the publicity in question the judge is not required to proceed further."
*United States v. Jones, supra* at 194, citing *Margoles v. United States, supra* at 735.

We adopt the aforementioned protective measures of the federal courts.[3] Without the use of these guidelines, it may be impossible to tell whether or not the jurors have read or heard any of the prejudicial publicity. *United States v. Palermo,* 410 F.2d 468, 472 (7th Cir. 1969). In such instance, the trial court's sole reliance on its admonitions to the jury to refrain from reading, listening or watching any news accounts concerning the trial is not enough to assure the accused a fair trial. *See United States v. Pomponio, supra,* 517 F.2d at 460. The failure, then, to follow the measures would require the trial court to assume that some of the prejudicial information reached the members of the jury. *Silverthorne v. United States, supra,* 400 F.2d at 644.

Of course, it is not every newspaper article that appears during trial which requires the trial court to determine if the jury was exposed to it. "Unless there is substantial reason to fear prejudice, the trial judge may decline to question the jurors." *United States v. Jones, supra,* 542 F.2d at 194, citing *United States v. Hankish, supra,* 502 F.2d at 77. Thus, the initial step for the trial court to take, once a claim of prejudicial news accounts is made, is to determine whether the nature of the news accounts rises to the level of being substantially prejudicial. *United States v. Jones, supra; United States v. Pomponio, supra.* "If it does not rise to such a level, the trial court is under no duty to interrogate the jury . . . . And whether it does rise to the level of substantial prejudice . . . is ordinarily a question 'committed to the trial court's discretion . . . .' " *United States v. Jones, supra,* 542 F.2d at 194; *see*

---

[3] We have stated that "(t)he Hawaiian counterpart of the 6th amendment to the United States Constitution is Art. I, Sec. 11 of our State Constitution. It is modeled on the 6th amendment, and we have said that in interpreting it we will look to the federal case law on the subject as a guide, pursuant to the expressed intent of the draftsmen of our constitution. *State v. Wong,* 47 Haw. 361, 385, 389 P.2d 439 (1964)." State v. Shak, 51 Haw. 612, 615, 466 P.2d 422, 424 (1970), *cert. den.* 400 U.S. 930 (1970).

*Gordon v. United States,* 438 F.2d 858, 873 (5th Cir. 1971), *cert. den.* 404 U.S. 828 (1971).

Our duty, then, on review of the actions taken by the trial court on this issue, giving due deference to the trial court's discretion, is to make an independent examination of the totality of the circumstances to determine if there are any indications that the defendant's trial was not fundamentally fair. *Murphy v. Florida,* 421 U.S. 794, 799 (1975); *see Sheppard v. Maxwell, supra,* 384 U.S. at 362; *United States v. Jones, supra,* 542 F.2d at 195.

Here, the alleged prejudicial news account contained appellant's prior convictions. Though juror exposure to information about a defendant's prior convictions does not alone presumptively deprive the accused of due process of law, *Nebraska Press Ass'n v. Stuart, supra,* 427 U.S. at 565; *Murphy v. Florida, supra* at 799, such information has been held to be substantially prejudicial where it is irrelevant and improperly admitted by the prosecution. *State v. Pokini,* 57 Haw. 17, 548 P.2d 1397 (1976); *accord Marshall v. United States,* 360 U.S. 310 (1959); *cf. State v. Kahinu,* 53 Haw. 536, 549, 498 P.2d 635, 643 (1972), *cert. den.* 409 U.S. 1126 (1973) (where it was said that "the deliberate and unresponsive injection by prosecution witnesses of irrelevant references to prior arrests, convictions, or imprisonment may generate insurmountable prejudice to the cause of the accused"). In this jurisdiction unless it is relevant to show "motive," "intent," "absence of mistake or accident," "a common scheme or plan," or "the identity of the person charged," *State v. Iaukea,* 56 Haw. 343, 537 P.2d 724 (1975), or unless the accused takes the stand and "has himself introduced testimony for the sole purpose of establishing his credibility as a witness," HRS § 621-22; *see State v. Santiago,* 53 Haw. 254, 492 P.2d 657 (1971), evidence of prior convictions in a criminal case is inadmissible because of its highly prejudicial nature. *See State v. Pokini,* 57 Haw. 17, 548 P.2d 1397 (1976).

In reviewing the record before us, we learn that the appellant did not testify in his own behalf. Further, we find no indication of any relevant and proper purpose for which evidence of appellant's prior convictions would have been ad-

missible at trial. Hence, any evidence of appellant's prior convictions would have been inadmissible due to its overriding prejudicial effect. As has been observed, such information "ought not to reach the jury through the back door and affect its verdict when the front door is closed to it." *People v. Cox, supra,* 74 Ill. App. 2d at 346, 220 N.E.2d at 9. "Information denied the jury in the courtroom due to its prejudicial nature is still prejudicial although it may reach the jury through news accounts." *United States v. Pomponio, supra,* 517 F.2d at 463; *Marshall v. United States, supra.* In fact, the prejudice may "be greater for it is then not tempered by protective procedures." *Marshall v. United States, supra,* 360 U.S. at 313. In our view we hold that the nature of the article containing appellant's prior convictions was substantially prejudicial and rose to that "degree of prejudice" which "trigger(ed) the court's responsibility to investigate further by questioning the jury." *United States v. Jones, supra,* 542 F.2d at 195, citing *United States v. Thomas, supra,* 463 F.2d at 1063. All of the factors present in the instant case should have prompted the trial court to conduct "an immediate *voir dire* inquiry to determine if the jurors had read the offensive article and, if they had, whether they could nonetheless render a fair and true verdict." *United States ex rel. Greene v. State of New Jersey,* 519 F.2d 1356, 1357 (3rd Cir. 1975). This, the trial court failed to do. Accordingly, we conclude that appellant was denied a fair trial. The judgment of conviction is reversed and this cause is remanded for a new trial. *See United States ex rel. Greene v. State of New Jersey, supra.*

Reversed and remanded.

*Richard K. Perkins,* Deputy Public Defender *(Donald K. Tsukiyama,* Public Defender, on the briefs), for defendant-appellant.

*Ralph R. LaFountaine,* Deputy Prosecuting Attorney *(Roy K. S. Chang,* Deputy Prosecuting Attorney on the brief), for plaintiff-appellee.