STATE OF HAWAII, Plaintiff-Appellee, *v.* WILBUR MOYD, Defendant-Appellant

NO. 7181

DECEMBER 9, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* Defendant appeals the lower court's denial of his motions for change of venue made prior to commencement of trial and immediately following the selection of the jury. Finding no abuse of discretion in the denial of the motions, we affirm.

Defendant was charged with the offense of rape in the first degree in violation of Hawaii Revised Statutes (HRS) § 707-730 (1976). On February 24, 1978, a district judge found no probable cause for the charge of rape in the first degree but found probable cause for the charge of sodomy in the first degree.

There was an immediate adverse public reaction to the district judge's decision. Various news media organizations sought to acquire a transcript of the preliminary hearing, and they did so at the (then) three court levels of Hawaii's judiciary — district, circuit and supreme. Having direct involvement in this case, the news media covered and reported all occurrences relating to it.

Various persons evidenced their displeasure with the district judge's decision by circulating a petition for the supreme court's review of his fitness to serve and by staging a protest rally.

In the meantime, on March 8, 1978, the defendant was indicted by the grand jury for assault in the second degree, failure to render assistance, kidnapping, rape in the first degree and sodomy in the first degree.

On March 17, 1978, defendant pled not guilty and jury trial was set for May 1, 1978. On May 1, 1978, at defendant's request, the lower court consented to reset the trial to the week of June 19, 1978. On June 6, 1978, at defendant's request, the lower court reset the trial to the week of August 21, 1978.

On August 16, 1978, defendant moved for a change of venue pursuant to rule 21, Hawaii Rules of Penal Procedure

(HRPP). The lower court heard and denied this motion on August 21, 1978. Jury selection began the same day at 1:13 p.m. and concluded at 11:31 a.m. on August 22, 1978. Immediately after the jury was selected and sworn, defendant renewed his motion for change of venue. The lower court denied the motion. On August 23, 1978, the jury found defendant guilty of all counts. However, pursuant to a motion by defendant premised on HRS § 701-109 (1976), the court declined to enter a judgment of conviction on the kidnapping charge.

Defendant was sentenced to imprisonment for five years for the assault, five years for the failure to render assistance, twenty years for the rape, twenty years for the sodomy, and he was ordered to make monetary restitution.

Defendant appeals the denial of both motions for change of venue.

Rule 21(a) of HRPP states:

Rule 21. TRANSFER FROM DISTRICT OR CIRCUIT FOR TRIAL.

(a) For Prejudice in the Circuit.  The court upon motion of the defendant shall transfer the proceeding as to him to another circuit whether or not such circuit is specified in the defendant's motion if the court is satisfied that there exists in the circuit where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial in the circuit.

We first point out that it was defendant's burden to show "so great a prejudice". WRIGHT, FEDERAL PRACTICE AND PROCEDURE: Criminal § 342.

Second, we determine that the standard by which we review the lower court's denial of defendant's two motions for change of venue is that the decision of the trial court in such matters shall not be disturbed on appeal unless the record indicates an abuse of discretion. *State v. Hashimoto*, 46 Haw. 183, 377 P.2d 728 (1962).

*Maine v. The Superior Court of Mendocino County*, 66 Cal. Rptr. 724, 438 P.2d 372 (1968), and similar cases suggest that we, as an appellate court, must review the question *de novo*. *State v. Keliiholokai*, 58 Haw. 356, 569 P.2d 891 (1977), gives

some support to this view, but it deals with a different issue. We disagree with the concept of *de novo* review. The trial judge comes to the evidence on the motion for a change of venue when it is fresh and when he has a chance to see the demeanor of the prospective jurors on voir dire. Accordingly, he is in a better position to judge whether there is prejudice in the circuit preventing a fair trial than are we. We deem *de novo* review of such issues on appeal unnecessary, time consuming, inappropriate and unwise.

Third, we address the dispositive issue whether the trial court abused its discretion when it decided that there did not exist so great a prejudice against the defendant that he could not obtain a fair and impartial trial in the circuit. We hold that the trial court did not abuse its discretion.

The alleged offense occurred on February 18, 1978. The preliminary hearing was held on February 24, 1978. The protest rally occurred between March 5, 1978 to March 17, 1978. The latest item of publicity in the record concerning the case is a May 27, 1978 newspaper item reporting *Honolulu Advertiser, Inc. v. Takao*, 59 Haw. 237, 580 P.2d 58 (1978). The trial was delayed until August 21, 1978. The record does not contain any evidence of pretrial publicity between May 27, 1978 and August 21, 1978.

Further, the process of jury selection in this case did not in any way evidence that defendant could not obtain a fair and impartial jury. In fact, it indicated the opposite.

Affirmed.

*Marcia J. Waldorf* on the brief for defendant-appellant.

*Sherrie T. Seki*, Deputy Prosecuting Attorney, on the brief for plaintiff-appellee.