FIDEL P. JUAN, JR., Plaintiff-Appellant,
v.
MASAO SHIROMA, Defendant-Appellee, and JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; ROE "NON-PROFIT" CORPORATIONS; and DOE GOVERNMENTAL AGENCIES 1-10, Defendants.
No. 27512.
Intermediate Court of Appeals of Hawaii.
February 13, 2007.
On the briefs:
Steven K. Hisaka, Janice T. Futa (Hisaka Yoshida Cosgrove & Ching) and Andrew A. Agard, for Plaintiff-Appellant.
Harvey E. Henderson, Jr., Lynn B. K. Costales, Greg H. Takase (Henderson Gallagher & Kane) for Defendant-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, LIM and FOLEY, JJ.
Plaintiff-Appellant Fidel P. Juan, Jr. (Juan) appeals from the Final Judgment in favor of Defendant-Appellee Masao Shiroma (Shiroma) entered by the Circuit Court of the First Circuit on June 22, 2005.[1] On appeal, Juan raises two points of error:
(1) The circuit court "erred in denying [Juan's] oral motion for mistrial on January 20, 2005." Juan moved for mistrial "based on the improper contact between Shiroma and [a juror (the Juror)] during a recess on January 20."
(2) The circuit court "erred in denying [Juan's] Motion for New Trial filed on July 1, 2005 which was based on the improper contact between Shiroma and [the Juror] during a recess on January 20, 2005."
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we hold:
(1) The circuit court did not abuse its discretion by denying Juan's oral motion for mistrial and his written Motion for New Trial, both of which were based on the improper contact between Shiroma and the Juror during a trial recess on January 20, 2005. The misconduct alleged was not so serious as to deny Juan's right to a fair trial. Stewart v. Brennan, 7 Haw. App. 136, 149, 748 P.2d 816, 825 (1988). Nor was the verdict "secured by corrupt or improper acts of the successful party, and this, not only in the interest of an honest and proper administration of justice, but also by way of punishment to the wrongdoer." Dwight v. Ichiyama, 24 Haw. 193, 195 (1918). Here, the Juror simply initiated a brief greeting and conversation with Shiroma before being excused from further service.[2]
(2) The circuit court responded appropriately when confronted with an issue of juror-party contact by deciding that potentially prejudicial conduct had occurred, questioning the jury on its exposure, and making reasoned findings and conclusions in support of the decision that the jury could still reach a fair and just verdict with an alternate juror deliberating in place of the tainted juror.[3]
(3) The context and circumstances of the communication make it clear that this was not a situation where a juror would be reluctant or embarrassed to disclose prejudice, and it does not rise to the level where the circuit court should have drawn any inference that Shiroma was attempting to tamper with or influence the jury.[4] Cf. United States v. Harry Barfield Co., 359 F.2d 120, 124 (5th Cir. 1966) (deliberate conduct intending to create identity and sympathy with a juror results in presumption of prejudice). Without any demonstrable intent on Shiroma's part to tamper with the jury, it is meaningless to note that Shiroma was the prevailing party because there is no inference to be drawn that Shiroma's tampering influenced the verdict.[5] In response to the circuit court's questioning, the jurors uniformly reported that the encounter between Shiroma and the Juror was short, initiated by the Juror, and was fairly innocuous in its content. The jurors' responses to the circuit court's questioning were clear, consistent and forthcoming.
Therefore,
The Final Judgment entered in the Circuit Court of the First Circuit on June 22, 2005 is affirmed.
NOTES
[1] The Honorable Eden Elizabeth Hifo presided.
[2] Juan argues that Remmer v. United States, 347 U.S. 227, 229, 74 S. Ct. 450, 451 (1954), a criminal case, should create a presumption of prejudice in Hawai`i civil cases, requiring the tampering party to show that the contact was harmless. Juan notes that the United States Courts of Appeals for the Fifth Circuit and the District of Columbia Circuit have adopted a similar presumption in civil cases. Hobson v. Wilson, 737 F.2d 1, 47-48 (D.C. Cir. 1984); United States v. Harry Barfield Co., 359 F.2d 120, 124 (5th Cir. 1966). Rebuttal of the presumption is "more easily accomplished" when, as here, the interfered-with juror is excused. Hobson, 737 F.2d at 48. The misconduct alleged in this case is far less egregious than that in the Barfield case, where the president of taxpayer party approached a juror and sought to form a personal connection with the juror by relating that his wife had lived in the area of the juror's drugstore and the juror responded that he knew the wife's family. 359 F.2d at 121-22.
[3] In State v. Keliiholokai, 58 Haw. 356, 569 P.2d 891 (1977), the jury was exposed not to a party, but to a newspaper article concerning their case. Id. at 357, 569 P.2d at 893. The Hawai`i Supreme Court stated that the circuit court should have conducted an immediate voir dire of the jurors to determine whether any juror had read the article and, if so, whether the jurors could still reach a fair verdict. Id. at 360, 569 P.2d at 896.
[4] Notwithstanding the circuit court's ruling, it was a serious and inexplicable error in judgment on Shiroma's part to communicate even casually with a sitting juror.
[5] Juan characterizes the Juror's interaction with Shiroma as a "discussion", but the Juror testified that Shiroma did not respond to the Juror's comment that "its hard to see people, like, riding bike and stuff."