**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000660
29-JUN-2020
08:06 AM**

NO. CAAP-18-0000660

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
REGGIE LAUTALO, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR NO. 1CPC-17-0000815)


MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Chan and Wadsworth, JJ.)

Defendant-Appellant Reggie Lautalo (**Lautalo**) appeals from the "Judgment of Conviction and Sentence" (**Judgment**), entered on July 3, 2018, and the "Amended Judgment of Conviction and Sentence" (**Amended Judgment**), entered on August 21, 2018, both entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]  Following a jury trial, Lautalo was found guilty of Assault in the Second Degree in violation of Hawaii Revised Statutes (**HRS**) § 707-711 (2014)[2] and Robbery in the Second Degree

---

[1]  The Honorable Todd W. Eddins presided.

[2]  At the time of the offense, HRS § 707-711 provided in relevant part:

**§707-711 Assault in the second degree.** (1) A person commits the offense of assault in the second degree if:
    (a)   The person intentionally or knowingly causes substantial bodily injury to another;
    (b)   The person recklessly causes serious or substantial bodily injury to another[.]

in violation of HRS § 708-841(1)(a) (2014).[3]  The Circuit Court subsequently dismissed the assault conviction with prejudice and sentenced Lautalo to a ten-year term of incarceration for the robbery conviction, to run concurrently with any other sentence that Lautalo was then serving.[4]

On appeal, Lautalo raises the following points of error: (1) the Circuit Court abused its discretion in failing to investigate whether any prospective jurors heard an excused prospective juror say "good luck, Uso" to Lautalo as the excused juror walked out of the courtroom; (2) Plaintiff-Appellee State of Hawaiʻi (**State**) committed prosecutorial misconduct during its rebuttal closing argument; and (3) the Circuit Court erred in giving Instruction No. 1.2 to the jury regarding the presumption of innocence and reasonable doubt because it fails to include critical language contained in Hawaiʻi Standard Jury Instruction Criminal (**HAWJIC**) 3.02.

We conclude that the statement by the excused juror could have substantially prejudiced Lautalo's right to a fair trial by an impartial jury, and thus, further investigation by the Circuit Court was required.  We therefore vacate Lautalo's conviction and remand for further proceedings.

**I.   Prospective Juror 46's statement was of a nature that it could have substantially prejudiced Lautalo's right to a fair trial**

Jury trial in this case commenced on April 19, 2018. During jury selection, prospective juror number 46 (**Prospective Juror 46**) was excused by the Circuit Court.  Upon being excused,

---

[3] HRS § 708-841(1)(a) provides:

> §**708-841 Robbery in the second degree.** (1) A person commits the offense of robbery in the second degree if, in the course of committing theft or non-consensual taking of a motor vehicle:
> (a)   The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance[.]

[4]  The Circuit Court originally sentenced Lautalo to the open term of incarceration in both counts, each to run concurrently with each other.  On August 21, 2018, the Circuit Court entered an order dismissing the assault count with prejudice, apparently based on merger of the offenses.  On the same day, the Circuit Court entered its Amended Judgment reflecting the dismissal.

Prospective Juror 46 stated "Good luck, Uso," which was apparently directed at Lautalo.  After a recess, Lautalo's counsel brought the statement to the Circuit Court's attention, where the following exchange occurred:

> [Lautalo's counsel]: Your Honor, I have a grave concern. Apparently -- I didn't realize this when it happened, but it was brought to my attention, and I confirmed it with a couple members of Mr. Lautalo's family who were in the area where it was said; but apparently when [Prospective Juror 46] was excused and walking in this area, directing his comment to -- to Mr. Lautalo, said, "Good luck, Uso." And I have concerns -- now, many people might not know what that means, the significance of it. But for the people that do know what it means, I have a concern that they may -- it may affect them. And because we're at this point where it's still -- we have a big panel. And I don't know who heard.
>
> THE COURT: All right.
>
> [Lautalo's counsel]: I would like to address it somehow.
>
> THE COURT: [Deputy Prosecuting Attorney], what's your position?
>
> [Deputy Prosecuting Attorney]: I can confirm. I did hear those exact words.
>
> THE COURT: Well, I'm not asking about that, because I heard those words.
>
> [Deputy Prosecuting Attorney]: I mean, if anything -- if anything, my understanding is "uso" means brother. So, if anything, I thought it was detrimental to me. So -- I mean, I'll defer to the Court on this. But beyond that, I don't really have an opinion.
>
> I'd prefer -- I mean, I -- it would be nice not to bring it up again.
>
> THE COURT: I strike that as a comment that can be taken many different ways, based on the definition of "uso." Perhaps [Lautalo's counsel] is thinking that "uso" means some sort of a prison gang situation. But it could also mean an individual of Samoan ethnicity. It could mean brother, as [Deputy Prosecuting Attorney] says it. But irrespective of what the meaning happens to be, the jury has been instructed and will be instructed to consider the case solely on the evidence presented in this court and the law that I give to you.
>
> So I see no prejudice to this jury panel if there's a request by the Defense to excuse this jury panel and somehow [sic] another panel. I don't see the need for any kind of instruction on this case. I wish the individual hadn't made that statement. But I don't see any substantial prejudice to the Defense on this.

> But, [Lautalo's counsel], do you want to add anything further?
>
> [Lautalo's counsel]: No, Your Honor.

Lautalo contends that the Circuit Court abused its discretion in concluding that Prospective Juror 46's statement was not substantially prejudicial and for failing to investigate whether other prospective jurors heard the statement.  Lautalo thus asserts that he was denied his constitutional right to a fair trial by an impartial jury because the statement was an outside influence that may have infected other jurors.

It is well settled that "[t]he sixth amendment to the United States Constitution and article I, section 14 of the Hawaiʻi Constitution guarantee the criminally accused a fair trial by an impartial jury."  State v. Bailey, 126 Hawaiʻi 383, 399, 271 P.3d 1142, 1158 (2012) (citation omitted).  "Inherent in this requirement is that a defendant receive a trial by an impartial jury free from outside influences."  State v. Keliiholokai, 58 Haw. 356, 357, 569 P.2d 891, 893 (1977) (citation and internal quotation marks omitted).  Where the existence of an outside influence on a jury is brought to the attention of the trial court, the court must ascertain the extent of the influence and then, in its sound discretion, take appropriate measures to assure a fair trial.  Id. at 358, 569 P.2d at 894.

The Hawaiʻi Supreme Court has recognized that "[t]he defendant bears the initial burden of making a prima facie showing of a deprivation that 'could substantially prejudice his or her right to a fair trial' by an impartial jury."  State v. Chin, 135 Hawaiʻi 437, 443, 353 P.3d 979, 985 (2015) (emphasis in original) (brackets, footnote, and citations omitted).  "Once the defendant makes a prima facie showing of a deprivation, 'a rebuttable presumption of prejudice is raised.'"  Id. (citation omitted).  This analysis "initially focuses on the general nature of the outside influence and whether it 'could' substantially prejudice a defendant; if the court so finds, then a rebuttable presumption of prejudice is raised that triggers the court's

obligation to investigate the totality of the circumstances." Id. (citation omitted).  The determination of whether the outside influence does rise to the level of substantial prejudice is ordinarily a question committed to the trial court's discretion. Keliiholokai, 58 Haw. at 359, 569 P.2d at 895.

In Chin, the supreme court reiterated the following procedure should be followed in the trial court when an improper influence on a jury has been raised:

> [W]hen a defendant in a criminal case claims a deprivation of the right to a fair trial by an impartial jury, the initial step for the trial court to take is to determine whether the nature of the alleged deprivation rises to the level of being substantially prejudicial. If it does not rise to such a level, the trial court is under no duty to interrogate the jury. And whether it does rise to the level of substantial prejudice is ordinarily a question committed to the trial court's discretion.
>
> Where the trial court does determine that such alleged deprivation is of a nature which could substantially prejudice the defendant's right to a fair trial, a rebuttable presumption of prejudice is raised. The trial judge is then duty bound to further investigate the totality of circumstances surrounding the alleged deprivation to determine its impact on jury impartiality. The standard to be applied in overcoming such a presumption is that the alleged deprivation must be proved harmless beyond a reasonable doubt.
>
> The defendant bears the initial burden of making a prima facie showing of a deprivation that could substantially prejudice his or her right to a fair trial by an impartial jury. But once a rebuttable presumption of prejudice is raised, the burden of proving harmlessness falls squarely on the prosecution.

Chin, 135 Hawai‘i at 445, 353 P.3d at 987 (emphases and brackets in original) (citations omitted).

In this case, the Circuit Court recognized that the statement by Prospective Juror 46 could be taken many different ways, noting:

> Perhaps [Lautalo's counsel] is thinking that "uso" means some sort of a prison gang situation. But it could also mean an individual of Samoan ethnicity. It could mean brother, as [Deputy Prosecuting Attorney] says it. But irrespective of what the meaning happens to be, the jury has been instructed and will be instructed to consider the case solely on the evidence presented in this court and the law that I give to you.

(Emphases added).  Moreover, the record reflects that the deputy prosecutor and the Circuit Court heard the statement by

Prospective Juror 46, such that it was likely at least some of the prospective jurors heard the statement as well.  Given this record, and particularly the recognition that Prospective Juror 46's statement could refer to "some sort of a prison gang situation[,]" we must conclude that the statement was of a nature that it could substantially prejudice Lautalo's right to an impartial jury, and a rebuttable presumption of prejudice was raised.  Chin, 135 Hawaiʻi at 443, 353 P.3d at 985.  Thus, under the procedure recognized by the Hawaiʻi Supreme Court, it was incumbent on the Circuit Court to "further investigate the totality of circumstances surrounding the alleged deprivation to determine its impact on jury impartiality."  Id. at 445, 353 P.3d at 987 (citation omitted).

The Circuit Court relied on the fact that it had instructed the jury, and would instruct the jury, to consider the case solely on the evidence presented and the law that would be given.  However, Hawaiʻi Supreme Court cases addressing whether a jury has been tainted by an outside influence, and whether a defendant's right to an impartial jury has been impacted, have not indicated that a jury instruction alone can remedy the potential for substantial prejudice.  See id. at 443-49, 353 P.3d at 985-91; Keliiholokai, 58 Haw. at 357-60, 569 P.2d at 893-96.

In Bailey, a juror made statements during jury deliberation about the defendant previously being in trouble for a murder charge.  Bailey, 126 Hawaiʻi at 393, 271 P.3d at 1152.  After investigating the matter by proceeding to voir dire each juror, the trial court denied the defendant's motion for a mistrial, dismissed the juror who had made the comments, and seated an alternate juror.  Id. at 395, 271 P.3d at 1154.  The trial court then instructed the original eleven jurors to "not consider [Juror Nine's] statements during your deliberations for any reason or purpose[,]" and instructed the entire reconstituted jury "to disregard [its] prior deliberations and to start [its] deliberations anew."  Id. (some brackets in original) (internal quotation marks omitted).  On appeal, the Hawaiʻi Supreme Court

recognized that "erroneous admission of prior criminal conduct may be harmless if the trial court gives a cautionary instruction and the evidence against the defendant is overwhelming," but that "such an instruction may be insufficient to cure the effect of improper evidence that is highly prejudicial[.]"  Id. at 401, 271 P.3d at 1160 (citations omitted).  The Hawaiʻi Supreme Court ultimately concluded that the evidence produced at trial was not strong enough to overcome the substantial prejudice created by the dismissed juror's statements, even with the trial court's specific instruction to the jurors to disregard the dismissed juror's statements in resuming deliberations.  Id. at 401-02, 271 P.3d at 1160-61.

Here, the Circuit Court did not engage in a further investigation regarding Prospective Juror 46's statement.  Moreover, the Circuit Court's instructions to the jury did not specifically address Prospective Juror 46's statement, but rather generally instructed the jurors to only consider the evidence presented and the law that would be given.  Given the lack of further investigation about Prospective Juror 46's statement, and without knowing its impact on the jurors who ultimately were selected, the Circuit Court's general instructions were not sufficient to negate the potentially prejudicial statement made by Prospective Juror 46.

We therefore conclude that the Circuit Court erred in failing to investigate the statement by Prospective Juror 46 and by not determining whether Lautalo's right to an impartial jury was impacted.

**II.  Other points of error**

Given that we vacate based on Lautalo's first point of error, we need not reach his remaining asserted points of error.

**III. Conclusion**

Based on the foregoing, the "Judgment of Conviction and Sentence" filed on July 3, 2018, and the "Amended Judgment of Conviction and Sentence" filed on August 21, 2018, both entered

by the Circuit Court of the First Circuit, are vacated.  This case is remanded to the Circuit Court for further proceedings.

DATED:  Honolulu, Hawaiʻi, June 29, 2020.

On the briefs:

William H. Jameson, Jr.
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge